Wanda Y. DICKENS, Appellant

v.

**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS and Linda Argo, Interim Director, Department of Consumer and Regulatory Affairs, Appellees.**

No. 06–7028.

United States Court of Appeals, District of Columbia Circuit.

Oct. 14, 2008.

Wanda Y. Dickens, Washington, DC, for Appellant.

Marva Yvonne Glenn, Capitol Heights, MD, Edward Eugene Schwab, Deputy Attorney General, Todd Sunhwae Kim, Solicitor General, Richard Stuart Love, Office of Attorney General for the District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the District Court granting summary judgment to defendants is affirmed.

Plaintiffs Glenn and Dickens brought a discrimination suit. But Glenn's disparate treatment sex discrimination and retaliation claims are time-barred, as the District Court correctly concluded. As to plaintiffs' hostile work environment claims, plaintiffs have not shown that any "act contributing to the claim" occurred within the relevant filing period. *Nat'l R.R. Pas-senger Corp. v. Morgan,* 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Plaintiffs attempt to circumvent the time bar by raising a continuing violation claim. But that theory is foreclosed by *Morgan,* which establishes that for statute-of-limitations purposes there are only two kinds of Title VII violations: "discrete acts" and "hostile work environments." *See* 536 U.S. at 114–15, 122 S.Ct. 2061. To be actionable, a discrete act—an event that "takes place at a particular point in time"—must occur within the filing period, while a hostile work environment must extend into the filing period. *Ledbetter v. Goodyear Tire & Rubber Co.,* 550 U.S. 618, 127 S.Ct. 2162, 2169, 167 L.Ed.2d 982 (2007) (citing *Morgan,* 536 U.S. at 110–11, 122 S.Ct. 2061). Plaintiffs' allegations based on a continuing violation theory fail to meet these requirements and therefore are unavailing.

Plaintiffs also invoke principles of constructive discharge, but constructive discharge is not a cause of action in its own right. "Constructive discharge doctrines simply extend liability to employers who indirectly effect a discharge that would have been forbidden by statute if done directly." *Simpson v. Fed. Mine Safety & Health Review Comm'n,* 842 F.2d 453, 461 (D.C.Cir.1988); *see also Pa. State Police v. Suders,* 542 U.S. 129, 141–43, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). Plaintiffs have failed to produce sufficient evidence to support a constructive discharge theory.

Plaintiffs separately argue that their constructive discharge claim should be understood as a claim of fraud or negligent misrepresentation. But this argument strays far beyond the complaint.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

**4**

resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.